UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

---------------------------------------------------------- x
In re:                                                     :
                                                           :    Chapter 7
MARLENE VENABLE,                                           :
                                                           :    Case No.: 25-02399-5-DMW
                                          Debtor.          :
                                                           :
---------------------------------------------------------- x

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Now comes United Bank, by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), United Bank shows unto the court as follows:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2. On June 24, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 to commence the above-referenced case (the "Chapter 7 Case").

3. On or about December 23, 2022, United Bank extended a loan to Marlene Venable (the "Debtor") to finance the purchase of a 2017 Mercedes Benz S-Class, VIN No. WDDUG8FB8HA323194 (the "Vehicle").

4. In conjunction with this loan, the Debtor executed a Consumer Loan Agreement in favor of United Bank in the principal amount of $53,001.93 (the "Contract"). A true and accurate

copy of the Contract is attached hereto as **Exhibit A**.

5. Debtor is currently due for February of 2025 and has made no payments since the filing of the Chapter 7 Case.

6. The balance owed as of the petition date is $38,431.96.

7. Debtor has not indicated any intention to reaffirm the debt and retain the Vehicle.

8. Upon information and belief, the value of the Vehicle is approximately $29,475.00.

9. United Bank seeks relief from the automatic stay in order to exercise its rights and remedies under the Contract.

## BASIS FOR RELIEF

10. As a result of the Debtor's default under the Contract, United Bank is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of United Bank's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization as the Debtor is liquidating all non-exempt assets under Chapter 7 of the Bankruptcy Code.

11. Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

12. If United Bank is not granted relief from stay and permitted take possession of the Vehicle, then United Bank will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle and the estate.

13. Because the Vehicle must be maintained and sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

14. A proposed order granting the Motion is attached hereto as **Exhibit B**.

WHEREFORE, United Bank prays for the Court to grant the following relief:

1. To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow United Bank to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2. To award United Bank reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3. To grant such other and further relief as the court deems just and appropriate.

Dated: July 24, 2025                           WOMBLE BOND DICKINSON (US) LLP

                                        By: /s/ Eudora F. S. Arthur
                                            EUDORA F. S. ARTHUR
                                            N.C. State Bar. No. 59854
                                            555 Fayetteville Street, Suite 110
                                            Raleigh, NC  27601
                                            Telephone: (919) 755-2148
                                            dorie.arthur@wbd-us.com

                                            *Attorneys for United Bank*

# EXHIBIT A

**CONSUMER LOAN AGREEMENT - CLOSED-END**

United Bank
374 Maple Ave East
Vienna, Virginia 22180
(703)319-4150

| LOAN NUMBER | TRANSACTION DATE | PRINCIPAL AMOUNT | MATURITY DATE | INTEREST RATE |
|---|---|---|---|---|
| 0179 | December 23, 2022 | $53,001.93 | July 6, 2028 | 9.850% |

**LOAN PURPOSE:** Vehicle Purchase

**BORROWER INFORMATION**
Marlene Venable
44 Westfield Ct
Clayton, NC 27527-7705

**LOAN AGREEMENT.** This Consumer Loan Agreement will be referred to in this document as the "Agreement" or "Note" and includes any extensions, renewals, modifications, and substitutions of this Agreement.

**LENDER.** "Lender," "you" or "your" means United Bank whose address is 374 Maple Ave East, Vienna, Virginia 22180, its successors and assigns.

**BORROWER.** "Borrower," "I," "my" or "me" means each person who signs this Note.

**PROMISE TO PAY.** I promise to pay, according with the terms below, on or before the Maturity Date, the principal amount of Fifty-three Thousand One and 93/100 Dollars ($53,001.93) and all interest on the outstanding principal balance and any other charges, including service charges. I shall pay such amounts to the order of Lender at its office at the address noted above or at such other place as Lender may designate in writing. I will make all payments in lawful money of the United States of America. I understand that the Lender may, at its option, transfer this Note.

**TRUTH IN LENDING DISCLOSURE**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of my credit as a yearly rate is 9.968% | The dollar amount the credit will cost me is $16,278.37 | The amount of credit provided to me or on my behalf is $52,826.93 | The amount I will have paid after I have made all payments as scheduled is $69,105.30 |

**PAYMENT SCHEDULE.** This loan will be paid according to the following schedule: 66 consecutive payments of principal and interest in the amount of $1,047.05 beginning on February 6, 2023 and continuing on the same day of each month thereafter. The unpaid principal balance of this Note, together with all accrued interest and charges owing in connection therewith, shall be due and payable on the Maturity Date.

| OTHER FEES | DOLLAR AMOUNT |
|---|---|
| Filing Fee | $2.00 |

**SECURITY.** A security interest in the following goods or property being purchased.

**LATE PAYMENT CHARGE.** If any required payment is more than 7 days late, then at Lender's option, Lender will assess a late payment charge of 5.000% of the amount of the regularly scheduled payment then past due.

**PREPAYMENT.** If I pay off early, I will not have to pay a penalty. I will not be entitled to a refund of part of the finance charge.

**ADDITIONAL CONTRACT TERMS.** *See below for further information about nonpayment, default, the right to accelerate the maturity of the obligation, and prepayment rebates and penalties.*

**VENDOR'S SINGLE INTEREST INSURANCE ("VSI").** I may obtain VSI from anyone that is acceptable to Lender. If I elect to obtain VSI from Lender, the terms are stated below.

| TYPE | COLLATERAL DESCRIPTION | PREMIUM COST | TERM |
|---|---|---|---|
| Vendor's Single Interest Insurance (VSI) | 2017 Mercedes-Benz S-Class | $59.00 | 66 months |

© 2004-2019 Compliance Systems, Inc. 75b5550J-71864052 - 2019 289.02
Consumer Loan Agreement - Closed-End DL2061

Page 1 of 4

www.compliancesystems.com

**ITEMIZATION OF AMOUNT FINANCED.** The Itemization of Amount Financed is presented below as requested by me.

| DESCRIPTION | DOLLAR AMOUNT |
|---|---|
| Amounts Paid to Others on Borrower's Behalf (itemized below) | 53,001.93 |
| Loan Origination Fee United Bank | 175.00 |
| VSI Lee & Mason | 59.00 |
| FC Auto | 52,767.93 |
| Amount Given Directly to Borrower | 0.00 |
| Amount Paid on Borrower's Accounts with Creditor | 0.00 |
| Prepaid Finance Charges (itemized below) | -175.00 |
| Less Loan Origination Fee United Bank | 175.00 |
| Total Amount Financed | $52,826.93 |

**THIRD PARTY PAYMENT ACKNOWLEDGMENT AND AGREEMENT.** I acknowledge and agree that some payments made to third parties as part of this transaction including, but not limited to, payments for insurance premiums for insurance purchased in connection with this transaction, may result in money being retained by Lender or paid to Lender in the form of commissions or other remuneration.

**FEES AND CHARGES.** I agree that the following fees and charges are payable, or have been paid, in connection with my Agreement.

| BORROWER PAID FEES | DOLLAR AMOUNT |
|---|---|
| DMV | $52.00 |

**INTEREST RATE AND SCHEDULED PAYMENT CHANGES.** Interest will begin to accrue on December 23, 2022. The interest rate on this Note will be fixed at 9.850% per annum.

Nothing contained herein shall be construed as to require the Borrower to pay interest at a greater rate than the maximum allowed by law. Interest on this Note is calculated on a 365/365 day basis (366/366 in a leap year).

**COLLATERAL/SECURITY AGREEMENT.** To secure the repayment of my loan, I hereby grant to Lender a security interest/lien in or upon the Collateral listed below:

- 2017 Mercedes-Benz S-Class VIN WDDUG8FB8HA323194.

The subject matter of such security interest or lien is called "Collateral" in this Note. I have given no other Collateral for my loan. Except for your security interest or lien, the Collateral is owned free and clear from any security interest, lien, or other adverse claim other than as now disclosed by me to you in writing. I will not allow any other security interest, lien, or adverse claim to attach to the Collateral.

I agree that I will fully cooperate with you in placing and maintaining your security interest or lien in the Collateral, I authorize you to file a conforming Financing Statement or other similar document to perfect your security interest in the Collateral. I agree that I will execute any documents necessary for you to perfect your security interest or lien, and grant you a power of attorney to file or execute any document on my behalf that is necessary to obtain or maintain your security interest in the Collateral.

I will not move the Collateral from the state where it is now located for any extended period without your written consent. I will notify you at once if the Collateral is to be moved from my address shown above or at such other address where I have informed you that the Collateral is located. You may examine and inspect the Collateral at any time

I will not sell or otherwise transfer ownership of the Collateral. I will not use the Collateral for any unlawful purpose. I will keep the Collateral in good repair.

The Collateral I am giving you a security interest in or a lien on will also secure all future debt that shows me giving you a security interest in "personal property securing other loans with Lender" within the Truth-in-Lending disclosure of any future loan agreement. Such a future disclosure will also reflect any exclusions from its scope, for example, "excluding household goods and my principal dwelling."

I promise to pay any taxes or assessments on the Collateral as they come due. If I fail to pay them, you may pay them at your option to protect your interest and I agree to pay you for your expense. If I fail to pay you, and if permitted by law, you may add the protective advance to the balance owing under this Note. You may increase the amount of my regular payment in order to amortize the added advance(s) by the time my final payment is due or, alternatively, I will end up having a larger final payment.

**LATE PAYMENT CHARGE.** If any required payment is more than 7 days late, then at Lender's option, Lender will assess a late payment charge of 5.000% of the amount of the regularly scheduled payment then past due.

**PREPAYMENT PENALTY.** This Note may be prepaid, in full or in part, at any time, without penalty.

**PROPERTY INSURANCE.** I will insure the Collateral through a company of my choice subject to your reasonable approval. You will be named as loss payee or, at your request mortgagee, for your protection. This insurance will protect the Collateral against loss by theft, fire and collision, perils within the term "comprehensive" to the extent applicable, and as otherwise required by you. It will also provide "all risks" Hull insurance as to any Collateral which is an aircraft or boat and related accessories when applicable. I will deliver satisfactory evidence of such insurance to you.

If I fail to insure the Collateral, you may do so at your option to protect your interest, and you may include any other coverage you feel appropriate, and I agree to pay you for any premiums. If I fail to pay you, and if permitted by law, you may add the protective advance to the balance owing under this Note. You may increase the amount of my regular payment in order to amortize the added insurance premiums by the time my final payment is due or, alternatively, I will end up having a larger final payment.

**APPLICATION OF PAYMENTS.** You may apply my payments to amounts owing in whatever order you choose unless a specific order is required by law.

**SETOFF.** To the extent permitted by law, I give you the right to setoff any of my money or property which may be in your possession against any amount owing under this Note. This right of setoff does not extend to any IRA, Keogh accounts or similar tax deferred deposit accounts that I may have with you. You will not be liable for the dishonor of any check when the dishonor occurs because you setoff a debt against my account. I agree to hold you harmless from any claim arising as a result of you exercising your right to setoff.

**OTHER PROMISES.** Reference is made to any related mortgage, trust deed, assignment, security agreement, pledge, or similar document for other promises which I make to you and terms and conditions governing my loan.

**DEFAULT.** I will be in default and you may, to the extent permitted by law, declare the entire unpaid balance of this loan immediately due and payable if:
  (a) I do not keep any promise or perform any obligation under this Note or any other Agreement that I may have with you;
  (b) I give you false or misleading information in order to obtain, or while I owe on, this loan;
  (c) I should die or become involved in any bankruptcy, receivership, insolvency, or custodial proceedings brought by or against me;
  (d) I should have a judgment or tax lien filed against me or any attachment or garnishment should be issued against any of my property or rights, specifically including anyone starting an action or proceeding to seize any funds that I may have on deposit with you; or
  (e) you, in good faith, reasonably believe my ability to repay the indebtedness owed under this loan, any Collateral, or your ability to resort to any Collateral, is diminished.

**REMEDIES.** If I am in default under this Agreement, you may, to the extent permitted by law, without any prior notice or demand, unless required by law, do any one or more of the following:
  (a) Require payment of the entire unpaid balance of this loan;
  (b) Require that I give you the Collateral, if any;
  (c) If I do not give you the Collateral, then to the extent permitted by law, you may enter the premises where the Collateral is located and take possession of it;
  (d) Sell, maintain possession of, or dispose of the Collateral, in any manner permitted by law; or
  (e) Use any and all remedies available to you under the law, or in any instrument securing this Agreement.

You may assert the defense of a superior right of possession as the holder of a security interest to any allegation by me of wrongful taking and conversion. If permitted by law, I waive any right I might otherwise have to a hearing prior to a court issuing any replevin, claim and delivery, detinue or similar order in relation to the Collateral. After appropriate application of the proceeds of any sale, I will be liable to pay any resulting deficiency on my loan to you, to the extent permitted by law. In taking possession of the Collateral, you may come into possession of certain of my personal property. In that event, you may hold such property for whatever period of time you feel is reasonable. If I do not claim my property during such hold period, you may dispose of it without any liability to me.

**ASSIGNABILITY.** You may assign, pledge or transfer this Agreement or any of its rights and remedies without notice, with all or any of the obligations. The assignee shall have the same rights and remedies as if named herein in place of you. I may not assign this Agreement or any benefit accruing hereunder without your express written consent.

**GENERAL WAIVERS.** To the extent permitted by law, I severally waive any required notice of presentment, demand, acceleration, intent to accelerate, protest, and any other notice and defense due to extensions of time or other indulgence by Lender or to any substitution or release of collateral. No failure or delay on the part of Lender, and no course of dealing between Borrower and Lender, shall operate as a waiver of such power or right, nor shall any single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power or right.

**JOINT AND SEVERAL LIABILITY.** If permitted by law, each Borrower executing this Note is jointly and individually obligated to pay all amounts owed according to the terms and conditions of the Agreement.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Agreement is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of this Agreement without invalidating the remainder of either the affected provision or this Agreement.

**HEADINGS.** The headings preceding text in this Note are for my general convenience in identifying subject matter, but have no limiting impact on the text which follows any particular heading.

**ATTORNEYS' FEES AND OTHER COSTS.** I agree to pay all of Lender's costs and expenses incurred in connection with the enforcement of this Note including, without limitation, reasonable attorneys' fees, to the extent permitted by law.

**GOVERNING LAW.** I understand and agree that this Note will be governed by the laws of the State of Virginia except to the extent that federal law controls.

**ORAL AGREEMENTS DISCLAIMER.** This Note represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**ADDITIONAL PROVISIONS.** A fee of $10.00 will be charged to your loan balance for return check/ACH charges.

By signing this Note on the date shown below, I acknowledge reading, understanding, and agreeing to all its provisions, and receiving a completely filled in copy of this Note.

_Marlene Venable_ (signature)    12/29/22

Marlene Venable        Date

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

---------------------------------------------------------- x
In re:                                                    :
                                                          :   Chapter 7
MARLENE VENABLE,                                          :
                                                          :   Case No.: 25-02399-5-DMW
                              Debtor.                     :
                                                          :
---------------------------------------------------------- x

### ORDER GRANTING UNITED BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of United Bank's Motion for Relief from Automatic Stay (the "Motion[1]") and any objection to the Motion; and after due deliberation thereon; and good cause having been shown and found; it is, by the United States Bankruptcy Court for the Eastern District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 is hereby terminated to permit United Bank to exercise its rights and remedies under applicable non-bankruptcy under the Contract and in accordance with applicable state law; and it is further

**ORDERED**, that United Bank is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing United Bank, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Loan and applicable law; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

```
------------------------------------------------------ x
In re:                                                 :
                                                       :    Chapter 7
MARLENE VENABLE,                                       :
                                                       :    Case No.: 25-02399-5-DMW
                              Debtor.                  :
                                                       :
------------------------------------------------------ x
```

### **NOTICE OF MOTION**

      The party represented by counsel below has filed papers with the court to move the court for an order for relief from the automatic stay or for adequate protection.

      <u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

      If you do not want the court to grant the order for relief from stay, or if you want the court to consider your views on the motion, then on or before August 11, 2025, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

      United States Bankruptcy Court
      Post Office Box 791
      Raleigh, NC 27602

      If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

      You must also mail a copy:

      Eudora F. S. Arthur
      Womble Bond Dickinson (US) LLP
      555 Fayetteville St., Suite 1100
      Raleigh, NC 27601

      John C. Bircher, III
      Trustee
      209 Pollock Street
      New Bern, NC 28560

WBD (US) 54893851v1

If a response and a request for hearing are filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: July 24, 2025                              WOMBLE BOND DICKINSON (US) LLP


By:  /s/ Eudora F. S. Arthur
     EUDORA F. S. ARTHUR
     N.C. State Bar. No. 59854
     555 Fayetteville Street, Suite 110
     Raleigh, NC  27601
     Telephone: (919) 755-2178
     dorie.arthur@wbd-us.com

*Attorneys for United Bank*

# CERTIFICATE OF SERVICE

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

>Marlene Venable
>44 Westfield Ct.
>Clayton, NC 27527
>*Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

>Calvin V. Craig, III, Esq.
>*Attorney for Debtor*
>
>John C. Bircher, III, Esq.
>*Chapter 13 Trustee*
>
>Brian Behr, Esq.
>*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 24, 2025

>WOMBLE BOND DICKINSON (US) LLP
>
>By:    /s/ Eudora F. S Arthur
>EUDORA F. S. ARTHUR
>NC State Bar Number 59854
>555 Fayetteville St., Suite 1100
>Raleigh, NC 27601
>Telephone: (919) 755-2178
>Dorie.arthur@wbd.us.com
>
>*Attorneys for United Bank*